IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 06-00283-TUC-CKJ (BPV) |
| Plaintiff, | ) ) | **REPORT & RECOMMENDATION** |
| vs. | ) ) ) | |
| Juan Rogelio Barajas-Hernandez, | ) ) | |
| Defendant. | ) ) ) | |

On April 12, 2007, this matter came on for hearing on Defendant's Motion to Dismiss Indictment Based Upon Improper Prior Order of Deportation (Doc. No. 19) and Defendant's Motion to Dismiss the Indictment for Failure to State an Offense (Doc. No. 34).

**I.   CHARGES**

Defendant Juan Rogelio Barajas Hernandez is charged in a one-count indictment as an alien who has entered and was found in the United States of America after having been denied admission, excluded, deported, and removed therefrom at or near Nogales, Arizona on or about July 25, 2005, and not having obtained the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of 8 U.S.C. § 1326, enhanced by 8 U.S.C. § 1326(b)(2).

## II.  PROCEDURAL HISTORY

Defendant pled guilty to aggravated assault in state court on March 11, 1988[1]. (Doc. No. 19, p. 3.)

The Defendant was placed in removal proceedings, and ordered removed on the basis of the assault conviction on February 10, 1997.[2]

On January 22, 2000, Defendant was arrested and later charged in a one-count indictment with violation of 8 U.S.C. § 1326, enhanced by 8 U.S.C. § 1326(b)(2). (CR 00-00426-TUC-RCC, Doc. No. 8.)  The Government moved in limine to exclude Defendant from collaterally attacking the validity of his 1997 removal proceeding at trial. (Id., Doc. No. 18.)  The District Court granted the motion. (Id., Doc. No. 24.)

The jury found Defendant guilty and the District Court sentenced Defendant to a term of imprisonment for sixty-three (63) months. (Id., Doc. No's 57, 63.)  Defendant appealed, and the mandate affirming the conviction issued on January 22, 2002. (Id., No. 79.)

After completion of his prison sentence, and subsequent removal[3], Defendant entered the United States at or near Nogales, Arizona on or about February 10, 2005, without being

---

[1]  The Court accepts this assertion as true, for purposes of this motion.

[2]  The Government asserts that Defendant was ordered removed on March 20, 1997.  It appears, though it is difficult to ascertain from the quality the of the copies of the exhibits submitted, that the Government is correct.  At this time, the discrepancy in date appears irrelevant, as the date of removal would still be within the "transition period" as discussed below.

[3]  Or removals.  The Government's exhibits include a Warrant of Removal/Deportation which demonstrate a reinstatement of a removal which demonstrates another entry date for Defendant of August 16, 2004, and a subsequent removal of February 9, 2005. (Doc. No. 39-3, p.12.)  Defendant's motion references several reinstatements (Doc. 19, p.6.), but there is no exhibit in the record which makes clear how many entries/reinstatements actually took place.

admitted by or paroled in by an Immigration Officer.  (Doc. No. 39-3, Record of Deportable/Inadmissible Alien.)  He was arrested for misdemeanor assault on July 19, 2005, and turned over to Immigration and Customs Enforcement's ("ICE's") custody.  (Id.)

In removal proceedings, Defendant signed a "Stipulated Request for Removal Order and Waiver of Hearing," and the Government entered a concurrence.  (Doc. 39-3.)  On July 25, 2005, the Immigration Judge ("IJ") found that Defendant had waived a personal appearance before the IJ, and conceded all allegations and charges, and found Defendant removable as an "alien present in the United States without having been admitted or paroled" under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i).  (Doc. No. 39-3.)  Defendant was ordered removed from the United States to Mexico.  (Id.)

Defendant was arrested in the present matter on December 27, 2005 and thereafter appeared before Magistrate Judge Edmonds for an initial appearance.  A detention hearing was held on January 12, 2006 at which time Defendant was ordered detained by Magistrate Judge Velasco.

On August 18, 2006, Defendant filed a motion to dismiss the indictment based upon an improper order of removal resulting in a violation of the Defendant's Fifth Amendment Right to Due Process of Law.  (Doc. No. 19.)

On December 6, 2006, Defendant filed a motion to dismiss the indictment for failure to state an element of the offense.  (Doc. No. 34.)

The Government filed two responsive motions on January 26, 2007.  (Doc. No's. 38[4],39.)

---

[4]   Although Document 38 was docketed as a Response to Document 34, Defendant's Motion to Dismiss the Indictment for Failure to State an Offense, Document 38 appears to be an identical memorandum to that submitted by the Government in Document 39, absent the exhibits.  Thus, it appears no responsive memorandum to the Defendant's second motion to

Following the hearing on Defendant's motions, Defendant submitted a supplemental memorandum regarding the *ex post facto* clause (Doc. No. 47) and the Government submitted a responsive document (Doc. No. 48.)

### III. MOTION TO DISMISS INDICTMENT BASED UPON IMPROPER PRIOR ORDER OF DEPORTATION

#### A. Discussion

In his August 18, 2006 motion, Defendant argues that the removal order, dated February 10, 1997, which formed the basis for the section (b)(2)enhancement, did not comply with due process and could not serve as the basis for an enhanced charge.

##### 1. Requirements for Collateral Attack

A defendant accused of illegal re-entry after removal may attack the underlying removal order:

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) of this section or subsection (b) of this section unless the alien demonstrates that--
>
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
>
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
>
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d).

The underlying order of removal is "fundamentally unfair" if (1) a defendant's due process rights were violated by defects in his underlying removal process, and (2) he suffered prejudice as a result of the defects. *United States v. Ubaldo-Figueroa,* 364 F.3d 1042, 1048 (9th Cir. 2004) To establish prejudice, the Defendant need not show that he actually would

---

dismiss was filed by the Government, with the exception of the Government's supplemental memorandum, filed at Doc. No. 48.

<mark>have been granted relief.  Rather, he need only show that there was a plausible ground for relief from removal.  *United States v. Arrieta,* 224 F.3d 1076, 1079 (9th Cir. 2000).</mark>

Defendant submitted in his written motion that, at the time of his removal hearing, the 1997 "transitional rules" applied to Defendant, and provided for continued eligibility for relief for Defendant, who would have been eligible for relief under § 212(c) of the INA given that he pled guilty to assault in 1988.  *See INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271 (2001) (the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") cannot apply retroactively to bar § 212(c) discretionary relief to aliens who were eligible for such relief at the time they pled guilty to the offense that rendered them ineligible under the AEDPA). Defendant asserts that the Immigration Judge's failure to advise him of his right to apply for § 212(c) relief was a basic denial of due process, and that, pursuant to the former § 212(c), Defendant was in fact eligible for discretionary relief from removal.

The Government asserted that the prior removal order on which the Government bases the enhancement charge in the present case, dated July 25, 2005, is valid in all respects. Exhibits submitted with the Government's response indicate that the Defendant was ordered removed a second time on July 25, 2005, having been charged with being removable as an "alien present in the United States without having been admitted or paroled" under § 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i). (Doc. No. 39-3.)  The Government asserts that Defendant stipulated to the removal, and no relief was available to the Defendant under § 212(c).

At the hearing on Defendant's motion, Defendant acknowledged the Government's response, and noted that in light of the Government's response that the instant action was predicated on the 2005 removal, "there is nothing before the Court" and submitted that the Court find as moot Defendant's motion, as there was "no clash between the 1997 and 2005 immigration proceedings at this time."  Nothing further was heard on the motion.

<mark>- 5 -</mark>

While the Court ultimately recommends that the District Judge deny Defendant's motion, for reasons identified below, the Court does not recommend that the motion be denied as moot.

Reinstatement of removal orders is governed by 8 U.S.C. § 1231(a)(5), which reads:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

Thus, in 2005, Defendant should have been removed under a reinstatement of the 1997 order. In fact, the "Record of Deportable/Inadmissible Alien," submitted with the Government's exhibits, documents the fact that the Government was aware of Defendant's prior removal before it issued the Notice to Appear and commenced removal proceedings against Defendant for a second time, in violation of 8 U.S.C. § 1231(a)(5). (Doc. No. 39-3, p.10-11.)

In Defendant's 1997 proceedings, he alleges that the IJ failed to advise him of the availability of § 212(c) relief; in his 2005 proceedings he was unrepresented by counsel during this second "removal" proceeding, waived his right to appear before the IJ for a hearing, and invoked a "waiver" of his rights to relief for which the Defendant did not, under 8 U.S.C. § 1231(a)(5), have a right to apply. (Id.) These compounded errors and irregularities cannot, in their totality and apparent formality, retroactively afford Defendant the procedure he was due a decade ago. If Defendant's 1997 removal was invalid, then all that follows, including any reinstatement of that removal, his federal conviction in 2000, his "second removal," and the present prosecution, is an unjust legacy of that removal.

    2.    <u>Plausible Ground for Relief - Availability of § 212(c) Relief</u>

Former INA § 212(c), codified at 8 U.S.C. § 1182(c), was available only to certain long-term residents. To qualify, a person had to have accrued seven years of lawful unrelinquished domicile. Time spent as lawful permanent resident, lawful temporary

- 6 -

resident, asylee, refugee or certain other status could be counted toward the seven years. *Robles v. INS,* 58 F.3d 1355 (9th Cir. 1995); 8 C.F.R. § 212.3(f)(2). Such § 212(c) relief was essentially available to one in the United States under a legally recognized status and who sought to perpetuate that status.

Defendant, having submitted the argument as moot, has offered no plausible grounds for § 212(c) application. Thus, on the instant record, Defendant has not submitted anything to support prejudice given that he has not shown grounds for relief that might have been available to him. *United States v. Alvarado-Delgado,* 98 F.3d 492, 494 (9th Cir. 1996) (No prejudice where Defendant failed to "show[] that he would have been eligible for any form of discretionary relief").

### B. Conclusion

The Magistrate Judge concludes that the 2005 removal order was issued in violation of 8 U.S.C. § 1231(a)(5), and, as such, cannot stand to correct any constitutional deficiencies that may have occurred during Defendant's initial removal hearing in 1997.

The Magistrate Judge also concludes that there has been no evidence presented to support Defendant's contention that his 1997 removal was in violation of the Defendant's Fifth Amendment Right to Due Process of Law.

Accordingly, the Magistrate Judge recommends that the District Judge DENY the motion to dismiss indictment based upon improper prior order of removal.

IN THE ALTERNATIVE, the Magistrate Judge recommends that the District Judge accept the Magistrate Judge's finding that the 2005 removal was issued in violation of 8 U.S.C. § 1231(a)(5), and did not correct any alleged constitutional deficiencies in the 1997 removal and REMAND the matter for an EVIDENTIARY HEARING before the Magistrate Judge as to the constitutionality of the 1997 removal hearing.

## IV. MOTION TO DISMISS FOR FAILURE TO STATE AN OFFENSE

### A. Discussion

#### 1. Federal Rule of Criminal Procedure 7(c)(1)

Defendant submitted at the hearing that the argument raised in his motion based on Federal Rule of Criminal Procedure 7(c)(1) relied on *United States v. Resendiz-Ponce*, 425 F.3d 729 (9th Cir. 1005), which had since been reversed by the United States Supreme Court in *United States v. Resendiz-Ponce*, 127 S. Ct. 782 (2007), thus rendering his argument moot.

The Magistrate Judge accepts this submission and recommends that the District Judge DENY the first argument, based on Federal Rule of Criminal Procedure 7(c)(1), presented in Defendant's Motion to Dismiss for Failure to State an Offense (Doc. No. 34).

#### 2. *Ex Post Facto* Clause

Defendant submitted before the hearing, and at the time of argument, that aggravated assault[5] became an aggravated felony, for purposes of the section (b)(2) enhancement, on October 25, 1994. Defendant contends that, at the time he was convicted of the aggravated assault (in 1988), it was not, under federal statutes, considered a crime of violence and therefore cannot now form the basis for a section (b)(2) enhancement.

The key *ex post facto* inquiry is the actual state of the law at the time the defendant perpetrated the offense. *United States v. Arzate-Nunez*, 18 F.3d 730, 734 (9th Cir. 1994) (holding that reentry, and not the predicate crime, is the offense for purposes of analyzing *ex post facto* claim under 8 U.S.C. § 1326(b)(2)).

Defendant relies on the holding in *Fuentes-Barahona*, in support of his argument, asserting that, in this circuit, *Fuentes* is still good law. See *United States v. Fuentes-Barahona*, 111 F.3d 651 (9th Cir. 1997) (holding that a "crime of violence" that occurred

---

[5] At the time of the hearing, the Government conceded that the Government was using Defendant's 1988 state conviction for aggravated assault and not the conviction for DUI, for purposes of the section 1326(b)(2) enhancement.

before November 29, 1990, does not qualify as an "aggravated felony" for sentencing enhancement purposes under U.S.S.G. § 2L1.2(b)(2))

Defendant is right in one regard, that *Fuentes* is still good law, however, it is distinguishable from this case. When Fuentes was convicted and sentenced for violation of 8 U.S.C. § 1326(b)(1), 8 U.S.C. § 1101(a)(43)(F) defined a "crime of violence" committed only on or after November 29, 1990, as an "aggravated felony" because of the effective date provision that applied to that code section.

There is no such provision in this case and, in fact, that contention, as it applies to this case, has been foreclosed by the decision in *St. Cyr*, 533 U.S. 289, 319 (2001) (Illegal Immigration Reform and Immigrant Responsibility Act's ("IIRIRA's") classification of an offense as an aggravated felony applies retroactively) and acknowledged by the Ninth Circuit in *United States v. Maria-Gonzalez*, 268 F.3d 664, 669 (9th Cir. 2001) (with regard to reentry violations, the court looks to whether the violation (reentry) occurred after IIRIRA's effective date, if so, IIRARA's expanded definition of aggravated felony applies regardless of when the predicate conviction occurred).

**B.  Conclusion**

In light of *Arzate-Nunez, supra*, this Court rejects Defendant's contention that *Fuentes-Barahona* applies to this case. The state of the law, at the time Defendant was charged with perpetrating the reentry offense charged in the present indictment, is found in the present enactment of 8 U.S.C. § 1101(a)(43)(F), which applies regardless of whether the predicate conviction was entered before, on, or after September 30, 1996. Further, contrary to Defendant's argument, the Court finds, under *St. Cyr, supra*, and *Maria-Gonzalez, supra*, it is not error to retroactively apply 8 U.S.C. § 1101(a)(43)(F) to classify the predicate conviction for aggravated assault as an aggravated felony for section (b)(2) enhancement purposes.

The Magistrate Judge recommends that the District Judge DENY the Defendant's argument, based on the *ex post facto* clause.

V.  **RECOMMENDATIONS**

    A.  **Defendant's Motion to Dismiss Indictment Based upon Improper Prior Order of Deportation (Doc. No. 19.)**

For the foregoing reasons, the Magistrate Judge recommends that the District Judge DENY the motion to dismiss indictment based upon improper prior order of deportation.

IN THE ALTERNATIVE, the Magistrate Judge recommends that the District Judge accept the Magistrate Judge's finding that the 2005 removal was issued in violation of 8 U.S.C. § 1231(a)(5), and did not correct any alleged constitutional deficiencies in the 1997 removal and REMAND the matter for an EVIDENTIARY HEARING before the Magistrate Judge as to the constitutionality of the 1997 removal hearing.

    B.  **Defendant's Motion to Dismiss the Indictment for Failure to State an Offense  (Doc. No. 34.)**

For the foregoing reasons, the Magistrate Judge recommends that the District Judge DENY Defendant's Motion to Dismiss for Failure to State an Offense (Doc. No. 34).

Pursuant to 28 U.S.C. §636(b) and Rule 59 of the Federal Rules of Criminal Procedure, any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation.  If objections are filed, the parties should use the following case number: **CR 06-00283-TUC-CKJ**.

Failure to file objections in accordance with Fed.R.Cr.P. 59 will result in waiver of the right to review.

DATED this 8th day of June, 2007.

_____
Bernardo P. Velasco
United States Magistrate Judge