1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT
7               FOR THE DISTRICT OF ARIZONA
8
9  UNITED STATES OF AMERICA,      )   No. CR 06-283-TUC-CKJ
                                  )
10             Plaintiff,         )   **ORDER**
                                  )
11 vs.                            )
                                  )
12                                )
   JUAN ROGELIO BARAJAS-)
13 HERNANDEZ,                     )
                                  )
14             Defendant.         )
                                  )
15 _____

16

17         Pending before this Court is United States Magistrate Judge Bernardo P. Velasco's
18 Report and Recommendation ("R&R")[Doc. #49] in which he recommends that this Court:
19 (A) deny the Defendant's Motion to Dismiss Indictment based upon improper prior order of
20 deportation, or in the alternative, remand the matter for an evidentiary hearing to determine
21 if Defendant's 1997 removal was constitutional; and (B) deny Defendant's Motion to
22 Dismiss for Failure to State an Offense. [Doc. #34].
23         The R&R stated that any party could file written objections within ten days after being
24 served with a copy of the R&R.  The R&R was electronically filed on June 8, 2007. Defense
25 Counsel filed a response to the R&R on June 18, 2007, indicating that he did not object to
26 the Magistrate Judge holding an evidentiary hearing to determine whether the 1997 removal
27 was constitutional.  However, the Defendant did object to the R&R in that the R&R found
28 the 2005 removal order may not be used to support an enhancement under 8 U.S.C. §

1326(b)(2) but did not recommend dismissing the portion of the indictment that requests a (b)(2) enhancement. The government filed no objection to the R&R.

**A. Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1) this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original). If an objection is made, the court reviews de novo only the portion to which the objection was made, the remainder is reviewed for clear error. *McDonnell Douglas Corp. V. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

**B. Discussion**

The Court adopts Judge Velasco's recommendation that an evidentiary hearing be held in order to determine if the 1997 removal hearing was constitutional. The Defendant agrees with this alternative recommendation and there was no objection by the government. Therefore, this Court FINDS that an evidentiary hearing is needed regarding the constitutionality of the 1997 removal hearing. The Court holds in abeyance making a determination of whether the 2005 deportation was valid.

The Court also adopts Judge Velasco's recommendation that the Motion to Dismiss the Indictment for Failure to State an Offense be DENIED. The Defendant objects and contends that the government has not met its burden of proof in regard to the 8 U.S.C. § 1326(b)(2) enhancement. However, the government is not held to its burden at this stage, rather at the sentencing stage. *See Almendarez-Torres v. U.S.*, 523 U.S. 224, 226 (1998). Therefore, this argument is premature.

In conclusion, the Court has carefully reviewed the entire record and finds Magistrate Judge Velasco's analysis well-reasoned with no clear error. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998). Accordingly,

IT IS HEREBY ORDERED:

1. The Report and Recommendation [Doc. #49] is adopted in part.

2. The Magistrate Judge shall hold an evidentiary hearing to determine the constitutionality of the 1997 removal hearing.

3. The Defendant's Motion to Dismiss the Indictment for Failure to State an Offense (Doc. # 34) is **denied**.

4. The Court holds in abeyance a determination of the validity of the 2005 deportation hearing.

DATED this 6th day of September, 2007.

_____
Cindy K. Jorgenson
United States District Judge