IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>JUAN ROGELIO BARAJAS-<br>HERNANDEZ,<br><br>          Defendant.<br>_____ | NO.   CR 06-00283-TUC-CKJ(BPV)<br><br>**REPORT AND RECOMMENDATION ON CONSTITUTIONALITY OF 1997 REMOVAL HEARING** |

Subsequent to this Court's Report and Recommendation dated June 8, 2007 (Docket # 49), the District Court remanded the matter for further hearing (Docket # 59).

The matter came on for Evidentiary Hearing before the Court on October 18, 2007. At the hearing, the defense called Defendant Juan Rogelio Barajas-Hernandez as a witness. The Government called no witnesses. The Court accepted into evidence two exhibits, Exhibit A and Exhibit 1.

The Court, having considered the briefing, arguments, and evidence presented, recommends that the District Judge, after her independent review and consideration, find that the Defendant's previous removal and deportation proceedings were constitutionally valid and that Defendant was/is not entitled to relief.

**FACTS**

At the hearing, the Government contended that the hearing was unnecessary because the Defendant was not entitled to relief. The Defendant contended that the District Court's

1  Order remanding this matter did not encompass consideration of the Government's position.

2  At the hearing, neither party presented a transcript of the deportation hearing that took
3  place on March 20, 1997. The Defendant claims that the Immigration Judge was mistaken
4  in law by asserting that Defendant was an aggravated felon subject to deportation.
5  Apparently, the Defendant's underlying felony was not yet a basis for deportation as an
6  aggravated felony. When Defendant was informed that he was deportable, he requested
7  relief pursuant to the Family Unity Act. This was, apparently, denied by the Immigration
8  Judge. The Administrative Law Judge did not advise Defendant that any other relief was
9  available.

10  Defendant was advised of his right to appeal, which he waived, knowing that he felt
11  the Judge was wrong on the law because he could not "do this (remain in custody) to his
12  family".

### **DISCUSSION**

14  Assuming the deportation proceeding was defective, this Defendant knowingly and
15  intelligently waived his right to appeal. He did this by weighing the consequences of his
16  further detention versus his success on appeal. His deportation hearing was fair, but not
17  perfect. Appeals are intended to determine if the original hearing needs to be fairer.
18  Defendant waived this opportunity.

19  Finally, on October 12, 2007, the Government informed the Court and Defendant that
20  the Defendant is not entitled to relief because:

21  1.  The Department of Homeland Security had a right to bring him before an
22      Immigration Judge in 2005 rather than reinstate the 1997 removal order
23      (defective or not);

24  2.  Choice of procedures listed above are not reviewable; and

25  3.  The Defendant was not eligible for §212(c) relief in 1997 because he had not
26      "accrued seven years of lawful unrelinquished domicile in the United States".

### **CONCLUSION**

28  It is the recommendation of this Court that the District Judge, after her independent

1  review and consideration, find that the Defendant's previous removal and deportation
2  proceedings were constitutionally valid and that Defendant was/is not entitled to relief.
3       Pursuant to 28 U.S.C. §636(b)(1)(B), the parties have ten (10) days from the date of
4  this Report and Recommendation to file written objections to these findings and
5  recommendations with the District Court. Any objections filed should be filed as CR 06-
6  00283-TUC-CKJ.
7       DATED this 26th day of October, 2007.

_____
Bernardo P. Velasco
United States Magistrate Judge