IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-283-TUC-CKJ |
| Plaintiff, | **ORDER** |
| vs. | |
| JUAN ROGELIO BARAJAS-HERNANDEZ, | |
| Defendant. | |

    Pending before this Court is United States Magistrate Judge Bernardo P. Velasco's Report and Recommendation ("R&R")[Doc. #65] in which he recommends that this Court find that the Defendant's previous removal proceedings were constitutionality valid and that Defendant was/is not entitled to relief.

    The R&R stated that any party could file written objections within ten days after being served with a copy of the R&R. The R&R was electronically filed on October 26, 2007. Defense Counsel filed an objection to the R&R on November 5, 2007, indicating that he objected on two grounds: (1) that the Defendant made a knowing and voluntary waiver of his right to appeal and, (2) that the Defendant was adequately advised of the relief available to him. The government filed no objection to the R&R.

**A. Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1) this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original). If an objection is made, the court reviews de novo only the portion to which the objection was made, the remainder is reviewed for clear error. *McDonnell Douglas Corp. V. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

**B. Discussion**

The Court adopts Magistrate Judge Velasco's recommendation that the Defendant's previous removal proceedings in 1997 were constitutionality valid and that Defendant was/is not entitled to relief.

The Defendant's objections are essentially the same issue. That is, if the Defendant was not advised that he was entitled to relief from deportation, he could not make a "considered and intelligent" waiver of his right to appeal, and consequently was denied due process. *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000).

In order to prove a due process violation the Defendant must show that "(1) his due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *Id.*

Defense counsel had previously argued that the Defendant was not advised of relief pursuant to Section 212(c) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1182(c). However, defense counsel abandons that argument in his objection to the R&R and

instead contends that the Defendant was not advised of relief pursuant to 8 U.S.C. § 1254(a).[1]

Section 1254(a) states:

> [T]he Attorney General may, in his discretion, suspend deportation . . , in the case of an alien . . . who applies to the Attorney General for suspension of deportation and – (1) is deportable under any law of the United States . . .; has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence;

Neither party submitted a transcript of the deportation hearing before the Immigration Judge ("IJ"). However, the Defendant testified at the evidentiary hearing before Magistrate Judge Velasco that the IJ did not inform him that he was eligible for relief under 8 U.S.C. § 1254(a). Verbatim Transcript, October 18, 2007 ("VT"), p. 18. However, when informing a defendant that he is eligible for relief, the Court notes that the IJs "are not expected to be clairvoyant, the record before them must fairly raise the issue." *Morgan-Enriquez v. INS*, 884 F.2d 420, 422 (9th Cir. 1989). It is unclear if the record, which this Court does not have, fairly raised the issue that the Defendant was eligible for relief under 8 U.S.C. § 1254(a).

However, even assuming that the Defendant was eligible for relief and thus there was a defect in the deportation proceedings, he fails satisfy the second requirement, that he suffered prejudice as a result. In order to show prejudice, the Defendant must show that there were "plausible grounds for relief from deportation." *United States v. Arce-Hernandez*, 163 F.3d 559, 563 (9th Cir. 1998). That is, had he been advised and requested relief pursuant to 8 U.S.C. § 1254(a) there must be a basis for the relief to be granted.

Section 1254(a) states that the deportation must result in "extreme hardship" to the Defendant, his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence. The Ninth Circuit Court of Appeals has held that

---

[1] The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") was effective on April 1, 1997. The Defendant's hearing took place on March 20, 1997 and thus the 1997 hearing was governed by pre-IIRIRA law. 8 U.S.C. § 1254(a), has since been repealed but was in effect at the time of Defendant's hearing.

extreme hardship requires "'great actual or prospective injury' or 'extreme impact' on the citizen family member, beyond the 'common results of deportation.'" *Id* at 563, citing *Shooshtary v. INS*, 39 F.3d 1049, 1051 (9th Cir. 1994). In this case the Defendant presented no evidence to the magistrate judge that his deportation would have resulted in an extreme hardship to a family member who is a citizen or lawful permanent. He testified at the evidentiary hearing that he supported his sisters and brother by working, but the Court notes that the Defendant also testified that from 1988 to 1997 he was incarcerated for five and a half (5.5) years during that period. In addition, when asked by his attorney whether his deportation would be a hardship on his family the defendant said, "I believe so." VT, p. 32. This testimony does not convince this Court that the Defendant's family would suffer an extreme hardship in the event of his deportation. Thus, this Court, "cannot say, as a matter of law, that these hardships would be extreme and beyond the common results of the deportation of a convict." *Id* at 564. The Defendant has failed to demonstrate plausible grounds by which he would be eligible for relief under 8 U.S.C. § 1254(a) and, therefore, failed to show he suffered prejudice.

In addition, this Court finds the Defendant knowingly and voluntarily waived his right to appeal. At the evidentiary hearing before Magistrate Judge Velasco, the Defendant was asked, on direct, cross examination, and by the Magistrate Judge, why he waived his right to appeal. The Defendant testified that he waived his right to appeal because he felt "appealing wouldn't gain me anything," he had been recently incarcerated, and he did not want to put his family "through that much heartache anymore[.]" VT, pp. 19, 20, 25, 26. The Court finds this to be a "considered and intelligent" waiver of his right to appeal. *Arrieta*, 224 F.3d at 1079.

//

//

//

////

In conclusion, the Court has carefully reviewed the entire record and finds Magistrate Judge Velasco's analysis well-reasoned with no clear error. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998). Accordingly,

IT IS HEREBY ORDERED:

1. The Report and Recommendation [Doc. #65] is adopted.
2. The Court finds that the Defendant's 1997 removal and deportation proceedings were constitutionally valid and that Defendant is not entitled to relief.

DATED this 21th day of December, 2007.

_____
Cindy K. Jorgenson
United States District Judge